Howell, J.
The relator seeks by this proceeding to compel the judge of the lower court to grant him an appeal from a refusal to- issue an injunction on an ex parte application. He alleges that, in a suit entitled, State ex rel. Robert Ray v. A. Dubuclet, Treasurer, the said judge granted an ex parte order of injunction prohibiting the said treasurer from paying any warrants from the funds then or thereafter in the treasury other than those held by the said Ray, and those of same nature held by other persons; that being the holder of warrants the payment of which was thus enjoined and prohibited, he presented a petition, affidavit and bond to the said judge, asking that Dubuclet, treasurer, be enjoined and prohibited from paying any warrants on the funds of 1874, until the right of parties in interest in said suit of Ray v. Dubuclet be finally determined, after proper parties are made thereto or permitted to intervene and be heard, and that upon the said petition the judge wrote the words “injunction refused,” whereupon he, the relator herein, asked in due form for a suspensive appeal from said refusal to grant the injunction thus prayed for, but the appeal was refused him, and he now asks for a mandamus to compel it, and for a prohibition forbidding the judge below to take further cognizance of the cause of Robert Ray v. Dubuclet, State Treasurer, and forbidding the said Ray from further prosecuting said case and forbidding the said treasurer from complying with the order in said case, until the further order of this court.
It is clear that the provisional writ of prohibition herein was improvidently issued by us, and the only question to be determined is whether or not the appeal should be granted. We think the simple statement, as made by the relator himself, shows that he has mistaken his remedy and is not entitled to a writ of mandamus.
The only case in our reports, in which an appeal from a refusal to *673 issue an injunction seems to have been declared allowable, is that of the State v. Judge Lewis', 7 M. 457, decided in March, 1820. Since then no such right seems to have been exercised or recognized. The facts of that case are meagerly reported, but it appears that the parties who asked for the injunction, and whose property was about to be sold, had intervened in a pending litigation. Here the facts are very different. The refusal of the judge can not be considered a final judgment, or an interlocutory order, within the provisions of the Code of Practice or any law, from which an appeal lies, because it may work an irreparable injury. The relator is not without a remedy. The judge has simply refused to act — refused to grant an ex parte order upon an ex parte showing. There is nothing for us to revise, because the judge rendered no judgment and made no order, and hence there is no ground for an appeal. Further, were the appeal to be brought up and we should say that the judge erred in refusing the injunction, what order or decree could we render, and what would be its character ? Would it not be virtually assuming original jurisdiction, were we to grant an order for an injunction when none had been issued by the lower court? What is there for us to revise, amend or modify ? Certainly not the non-action of the district judge. We can not in this proceeding examine the merits of the contemplated injunction suit and determine whether or not the injunction should have been granted. The only question to be considered now is .whether or not the relator is entitled to an appeal from the refusal complained of. It appears to us very clear that he is not. The appeal could bring before us only the ex parte application which was presented to the district judge in chambers, and this tribunal, whose jurisdiction is only appellate, would be substituted for the lower court and would have to refuse or grant the application for the injunction, a matter not within our jurisdiction. We could not say that we would render such a decree or order that he should have rendered; for he rendered none for us to correct. There must be parties to a controversy before us, as well as the subject matter of the controversy, or some proceeding in the lower court. As the record now stands, there is no defendant in the application for an injunction. There was no defendant before the district judge, and we can not order one to be made a party.
In any view that we can take of the subject, we can discover no legal ground for an appeal.
Had what is called a rule nisi been taken and, after a hearing, the judge refused the injunction, or had the relator intervened in the .suit of Ray, a different question would be perhaps presented. But the relator neither intervened nor asked to be permitted to intervene in said suit of State ex rel. Ray v. Dubuclet, Treasurer, and there were no *674 proceedings in his, relator’s application to the judge for an injunction, to be revised by us. See article 895, Code of Practice.
It is theretore ordered that the writs of mandamus and prohibition issued herein be set aside and dismissed with costs.